UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Earl Wattleton, | Case No. 19-cv-1558 (SRN/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| John Doe, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff David Earl Wattleton's Complaint, [Docket No. 1], as well as, his Applications to Proceed in District Court Without Prepaying Fees or Costs. [Docket Nos. 2, 4].

For the reasons set forth below, the Court recommends that the Complaint, [Docket No. 1], be dismissed, and that Plaintiff's IFP Applications, [Docket Nos. 2, 4], be denied as moot.

Plaintiff's Complaint names a single Defendant: a "John Doe" which the Complaint conclusorily identifies as a "Captain" of the Federal Medical Center in Rochester, Minnesota (hereinafter "FMC Rochester"). (Compl., [Docket No. 1], at 1). Plaintiff is presently detained at FMC Rochester. (See, Id. at 3).

In his Complaint, Plaintiff alleges that "defendant's [sic] failed to take action after [Plaintiff] reported threatening and aggressive statements from a fellow patient with an extensive history of violent and assaultive behavior against fellow residents." (Id. at 1). The Complaint further alleges that before Plaintiff was transferred to "Unit 1-2" he "warned officials that he had been having problems making use of privileges in the television room," and he asserts that he "did not voluntarily agree to the transfer." (Id. at 2).

Plaintiff contends that within "less than a few weeks after" he was transferred, he was "accused of damaging three telev[i]sions; theft, and been subject to a relentless barrage of false accusations and theratening [sic] behavior from various inmates including mental health inmate companions and orderlies." (Id.) Plaintiff states that he has reported some of these incidents, but "[o]n each occasion . . . defendants' [sic] knowledge of, and response to, the risk posed by this inmate demonstrated a committed indifference to the substantial risk of serious harm." (Id.)

Plaintiff purports to bring a Bivens[1] cause of action based on the Fourteenth Amendment. (See, Compl., [Docket No. 1], at 1). He seeks "declaratory, and injunctive relief in the form of an order from this court enjoining the defendant to refrain from encouraging threatening and aggressive behavior toward [Plaintiff], and compensatory relief for emotional distress." (Id.). Plaintiff twice specifically asserts that he brings his claim against Defendant John Doe in his official capacity, and Plaintiff fails to make any reference whatsoever to suing Defendant in his individual capacity. See, Id.

Plaintiff did not pay the filing fee in this action; instead, he filed an IFP Application seeking permission to proceed in forma pauperis. (See, IFP Applications [Docket Nos. 2, 4]). Such IFP applications need generally be resolved before any other action is taken in a case.

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted or seeks to assert claims over which the Federal Court lacks subject matter jurisdiction. See, 28 U.S.C. § 1915(e)(2)(B); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments

---

[1] Bivens v. Siv Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard mere legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Further, under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Before a Court may consider the merits of a party's claims, the Court has an independent duty to ensure it possesses the requisite subject matter jurisdiction to adjudicate the party's claims. Fed. R. Civ. P. 12(h)(3); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court must, of course, construe pro se pleadings liberally. See, e.g., Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014). However, although the Court must liberally construe their pleadings, even pro se parties are nevertheless bound by applicable

3

procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

After a review of Plaintiff's pleadings, this Court finds that it lacks subject matter jurisdiction over the claims contained in Plaintiff's Complaint.

"Sovereign immunity is a jurisdictional doctrine, and the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." Brown v. United States, 151 F.3d 800, 803–04 (8th Cir. 1998). The United States, as a sovereign power, may be sued only to the extent that it has consented to suit by statute. United States Dept. of Energy v. Ohio, 503 U.S. 607, 615 (1992). Therefore, the doctrine of sovereign immunity holds that the United States, as well as, its agencies and instrumentalities, including the Bureau of Prisons ("BOP") and its employees, are immune from suit, unless a waiver of such immunity has been "expressed unequivocally" by Congress. Maypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991).

As noted above, in the present Complaint, Plaintiff purports to raise a Bivens claim based on the Fourteenth Amendment against John Doe in his official capacity only seeking "declaratory, and injunctive relief in the form of an order from this court enjoining the defendant to refrain from encouraging threatening and aggressive behavior toward [Plaintiff], and compensatory relief for emotional distress." (See, Compl. [Docket No. 1]). Under certain circumstances, Bivens can operate as a limited waiver of the doctrine of sovereign immunity against employees of the United States in their individual capacities.

"A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors." Aldaco v. Holder, No. 10-cv-590 (JRT/LIB), 2011 WL 825624, at *3 (D. Minn. Jan. 7, 2011) (citing Bivens, 403 U.S. at 395–97). "A Bivens

4

claim allows a plaintiff to bring an action for money damages against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law." Id. at *3. A Bivens claim can only be maintained against a government employee in his individual capacity; Bivens does not authorize claims against government employees in their official capacities. Bivens v. Siv Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 396–97 (1971).

In the present case, Plaintiff alleges that John Doe, through his employment as agents of the United States Government, violated Plaintiff's constitutional rights. However, as noted above, Plaintiff brings a claim against Defendant in only his official capacity. Plaintiff simply cannot maintain a Bivens claim against Defendant in his official capacity.

Rather, because Plaintiff maintains his claim against Defendant in only his official capacity, the United States is the real party in interest in the present case. See, Kentucky v. Graham, 473 U.S. 159, 166 (1985). Absent a waiver, however, the United States is protected from suit by the doctrine of sovereign immunity.

Even liberally construing the factual allegations in the present Complaint and drawing all reasonable inferences thereon, Plaintiff's Complaint fails to provide any indication that the United States has waived its sovereign immunity. Therefore, the doctrine of sovereign immunity bars Plaintiff's claims. See, Kentucky v. Graham, 473 U.S. 159, 166 (1985).

Accordingly, the Court recommends Plaintiff's Complaint be dismissed with prejudice based on the doctrine of sovereign immunity. Because the Court recommends that Plaintiff's Complaint be dismissed, the Court further recommends that Plaintiff's IFP Applications be denied as moot.

Thus, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Plaintiff's Complaint, [Docket No. 1], be **DISMISSED with prejudice**;

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**; and

3. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 4], be **DENIED as moot**.


Dated: January 2, 2020

s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).