# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David E. Wattleton,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>John Doe,<br><br>　　　　　Defendant. | Case No. 19-cv-1558 (SRN/LIB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

David E. Wattleton, FMC Rochester, Qtrs 1-2, PMG 4000, Rochester, MN 55903, pro se.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

Before the Court are Plaintiff David E. Wattleton's Objections ("Objections") [Doc. No. 6]) to the January 2, 2020 Report and Recommendation ("R&R" [Doc. No. 5]) filed by Magistrate Judge Leo I. Brisbois.  Plaintiff, an inmate at the Federal Medical Center in Rochester, filed this *Bivens* action against one defendant, identified only as "John Doe" and "Captain," who is alleged to be an employee of the facility.  The magistrate judge recommended that Mr. Wattleton's application for leave to proceed in *forma pauperis* ("IFP Application") [Doc. Nos. 2, 4] be denied, and the action be dismissed with prejudice. For the reasons set forth below, the Court overrules Mr. Wattleton's objections, and the R&R is adopted, as modified.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

The facts pertinent to this matter have been accurately detailed in the R&R, and will not be repeated in full here. (R&R at 1-2.) Stated briefly, Mr. Wattleton is an inmate currently confined at FMC-Rochester. (*Id*. at 1.) He purports to bring a *Bivens* action against one "John Doe" defendant. (*Id*. at 2.) Mr. Wattleton describes in conclusory fashion certain interactions with Defendant, an employee at FMC Rochester, and claims he was "committed[ly] indifferent" to Mr. Wattleton's "substantial risk" of serious harm from a fellow inmate, in violation of the Fourteenth Amendment. (*Id*. at 2 (citing Compl. [Doc. No. 1] at 1).) For his *Bivens* claim, Mr. Wattleton also contends that Defendant allegedly failed to allow Plaintiff to take "full privileges" in "Unit Building 1-2" at FMC-Rochester. (*Id*. at 1.) Mr. Wattleton asserts twice in the Complaint that his *Bivens* claim is against Defendant in his "official capacity," and makes no reference to suing Defendant in his individual capacity. (*Id*.)

For relief, Mr. Wattleton seeks declaratory and injunctive relief "enjoining the [D]efendant to refrain from encouraging threatening and aggressive behavior toward [Plaintiff]." (*Id*.) Mr. Wattleton also seeks compensatory damages for emotional distress. (*Id*.)

### B. Procedural History

Along with his Complaint, Mr. Wattleton filed an IFP Application. [Doc. Nos. 2, 4.] As the magistrate judge recognized, an IFP application will be denied and an action dismissed if the applicant has filed a complaint that fails to state a cause of action on which relief can be

2

granted or seeks to assert claims over which the Court lacks subject matter jurisdiction. (R&R at 2) (citing 28 U.S.C. § 1915(e)(2)(B); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam)).

In this case, the magistrate judge found that the action should be dismissed because the Court lacks subject matter jurisdiction over the claim asserted in the Complaint. (R&R at 4.) Specifically, Judge Brisbois determined that the *Bivens* claim is pleaded as an official capacity claim, not an individual capacity claim. Since official capacity claims against federal employees are construed as claims against the United States, sovereign immunity applies. (*Id*. at 5.) Accordingly, Judge Brisbois concluded that Plaintiff's sole claim in the Complaint is barred, and recommended (1) dismissing the Complaint with prejudice, and (2) denying Plaintiff's IFP Application as moot. (*Id*. at 6.)

In his Objection, Mr. Wattleton contends that Defendant is not entitled to "qualified immunity," but does not address the sovereign immunity issue. (Obj. [Doc. No. 6] at 1-2.) He further asserts that he has raised a "genuine issue of material fact" regarding whether there was an "objective, substantial risk of serious harm" to him by a fellow inmate. (*Id*.)

### III. DISCUSSION

The Court conducts a *de novo* review of a magistrate judge's order on a dispositive issue. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2 (b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

The Court agrees with the majority of Judge Brisbois' analysis. As the magistrate judge noted, it is well established that suits against government officials acting in their

3

official capacities are really suits against the federal government itself. (*See* R&R at 5) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Because the federal government enjoys sovereign immunity from suit, the Court's jurisdiction in any case in which the United States is the real defendant is limited to the extent that immunity has been waived by Congress. (*Id.*); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Mr. Wattleton does not address this issue raised in the R&R. (Obj. at 1-2.) Thus, the Court in the first instance must determine whether a statutory waiver of sovereign immunity exists before it can allow a claim against the federal government to proceed. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).

In this instance, the Court agrees with the magistrate judge that—insofar as Mr. Wattleton seeks monetary damages—sovereign immunity has not been waived and his claim may not proceed in this Court. By suing directly under the Constitution, Mr. Wattleton brings what is commonly known as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). But it is well-settled that *Bivens* actions may be brought against individual defendants only in their personal, rather than official, capacities. *See Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). The Court therefore concludes that no waiver of sovereign immunity exists.

While subject matter jurisdiction is thus lacking for Mr. Wattleton's constitutional claims for monetary damages, the Court respectfully disagrees with the magistrate judge to the extent his "sovereign immunity analysis also extends to the matter of injunctive and declaratory relief." *Hussein v. Sessions*, No. 16-cv-780 (SRN/SER), 2017 WL 1954767, at *3 (D. Minn. May 10, 2017). As this Court recognized in *Hussein*, Eighth Circuit

4

precedent precludes the United States from claiming sovereign immunity from suit when the plaintiff seeks nonmonetary relief, because section 702 of the Administrative Procedure Act ("APA") "expressly waives sovereign immunity" in such cases. *Id.* (citing *Raz v. Lee*, 343 F.3d 936, 938 (8th Cir. 2003) (allowing plaintiff to maintain suit against the director of the FBI in his official capacity when the plaintiff alleged various constitutional claims, but sought only an injunction prohibiting further violations of his rights)).

On the basis of the Eighth Circuit's holding in *Raz*, therefore, the Court concludes that it has subject matter jurisdiction over Mr. Wattleton's direct constitutional claims, insofar as Mr. Wattleton seeks declaratory and injunctive relief. Nonetheless, the Court finds that Mr. Wattleton's constitutional claims must be dismissed for the alternative reason that they fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). As the Supreme Court has observed, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). In order to meet this requirement, the plaintiff must plead facts such that the court can draw "a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). This "plausibility" standard requires showing more than a "sheer possibility that a defendant has acted unlawfully." *Id.* Bare assertions, without more, "will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Here, Mr. Wattleton fails to plausibly connect Defendant to any of the actions he alleges violated his constitutional rights. The Complaint is composed primarily of conclusory allegations and bare assertions with little to no factual support. (Compl. at 1-

5

3.)  In particular, despite alleging that Defendant is responsible for the wrongs he says have been perpetrated against him, Mr. Wattleton provides absolutely nothing to support any objective, serious risk of injury from the inmate identified and connect any claims against Defendant more specifically.  (*Id*. at 2) (alleging that Plaintiff reported to Defendant "false accusations and threatening behavior" made by several unknown "inmates" and "mental health inmate companions and orderlies"); (*Id*.) (alleging that plaintiff warned "officials" that plaintiff had "problems making use of privileges in the television room"); *see*, *e.g.*, *Nelson v. Shuffman*, 603 F.3d 439, 447 (8th Cir. 2010) (finding plaintiff sufficiently alleged that defendants had actual knowledge that plaintiff faced objectively serious risk of harm by being placed in a room with assailant when plaintiff alleged assailant's previous instances of sexual assault while in jail, assailant's "relentless barrage of physical and sexual threats, assaultive and sexually explicit behavior [to staff and residents], and related violated and aggressive misconduct," and assailant's time spent in isolation and restraints).

Unlike the facts in *Nelson*, Mr. Wattleton only pleads in conclusory fashion Defendant's subjective awareness of past assaultive behavior by one inmate.  (Compl. at 2.)  No specific facts support actual knowledge of an assault or predatory behavior.  (*Id*. at 1-2.)  The Complaint therefore fails to suggest a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Absent such a connection, Mr. Wattleton's Complaint fails to state any constitutional claim upon which relief can be granted, and the *Bivens* claim must be dismissed.

Accordingly, the Court adopts the R&R but modifies it such that Mr. Wattleton's constitutional challenge against Defendant for his treatment at FMC-Rochester is

dismissed *without* prejudice for lack of subject matter jurisdiction (with respect to his claim for monetary relief) and failure to state a claim (with respect to his claim for nonmonetary relief). *See*, *e.g.*, *Murray v. United States,* 686 F.2d 1320, 1327 n.14 (8th Cir.1982) (affirming the dismissal of appellant's claims without prejudice because, "[w]here a motion to dismiss for lack of subject matter jurisdiction is granted on grounds of sovereign immunity, the court is left without power to render judgment on the merits of the case"); *Martinez v. Bureau of Prisons*, 2017 WL 2269498, at *2 (D. Minn. May 23, 2017) (citing *Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (explaining that dismissal for lack of subject-matter jurisdiction based on sovereign immunity must be *without* prejudice)); *Bailey v. Schmidt*, No. CV 04-1397 (DWF/SRN), 2005 WL 8164778, at *2 (D. Minn. Mar. 2, 2005), *report and recommendation adopted*, 2005 WL 8164777 (D. Minn. Mar. 21, 2005) (dismissing official claims against defendants *without* prejudice for "want of jurisdiction"); *Hussein*, 2017 WL 1954767, at *4 (dismissing *Bivens* claim *without* prejudice for failure to state any constitutional claim upon which relief can be granted).

## IV. ORDER

Based on the submission and the entire file and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Objection [Doc. No. 6] to the January 2, 2020 Report and Recommendation [Doc. No. 5] is **OVERRULED**;

2. The January 2, 2020 Report and Recommendation [Doc. No. 5] is **ADOPTED**, **as modified**;

3. Plaintiff's application to proceed *in forma pauperis* [Doc. Nos. 2, 4] is **DENIED as moot;**

4. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   March 27, 2020                              s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge